## UNITED STATES v. UNITED DISTILLERS PRODUCTS CORPORATION et al.

### Civil Action No. 1589.

District Court, D. Connecticut.
Jan. 8, 1946.

Adrian W. Maher, U. S. Atty., of Bridgeport, Conn., and Edward J. Lonergan, Asst. U. S. Atty., of Hartford, Conn., for plaintiff.

Samuel Rosenthal, of Hartford, Conn., for defendant corporations.

SMITH, District Judge.

This is a proceeding to enforce a summons for production of books and testimony under Section 3614 of the Internal Revenue Code, Title 26 U.S.C.A. Int.Rev.

Code, § 3614(a). An order to enforce the summons was issued ex parte, and execution thereon was stayed pending hearing on a motion to stay, later amended to a motion to vacate the summons.

 I take it that the Special Agent had power to issue the summons under Section 3614 and that the Court has power to enforce the summons under Sections 3633 and 3800 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 3633, 3800. When the Court is called upon to use its equitable powers, however, it would seem that reasonable conditions may be imposed upon their exercise to avoid unnecessary hardship while carrying out the purpose of the statute, the protection of the revenue, even where, as in this case, both the president of the taxpayer and the agents, by a chip-on-the-shoulder attitude, have contributed to unnecessary delay and expense in the completion of the investigation.

The investigation of the years starting with 1941 may be had without a showing of fraud, and it would appear that 1940 books will be required to verify the 1941 entries carried over from the previous year.

■ The enforcement of the summons will be required by the Court with such conditions as are listed in the Order of Court already issued, dated December 28, 1945, to avoid unnecessary interruption of the taxpayer's business and trucking of unnecessary files.